UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
JASON LOWE,

                              Plaintiff,                AMENDED COMPLAINT

                  -against-

                                                                   CV 04 4555 (NGG) (JMA)

DAVID BURNELL and PV HOLDING CORP.,

                              Defendants.
---------------------------------------------------------------X

       Plaintiff, by his attorney, ROY F. SCAFFIDI, ESQ. complaining of the defendants DAVID BURNELL and PV HOLDING CORP. alleges upon information and belief as follows:

### AS AND FOR A FIRST CAUSE OF ACTION
### ON BEHALF OF PLAINTIFF JASON LOWE

1.    That at all times hereinafter mentioned the plaintiff JASON LOWE was and is a resident of the County of Kings, State of New York.

2.    Upon information and belief, that at all times hereinafter mentioned defendant PV HOLDING CORP. was and is a foreign corporation, organized and existing under and by virtue of the laws of the State of North Carolina, and maintains its principal office in the State of North Carolina and is doing business in the States of North Carolina and New York.

3.    Upon information and belief, that all times hereinafter mentioned, PV HOLDING CORP. regularly does and/or solicits business within the State of New York.

4.    Upon information and belief, that at all times hereinafter mentioned, PV HOLDING CORP. derives substantial revenue from goods used or services rendered in the State of New York.

5. Upon information and belief, that at all times hereinafter mentioned, PV HOLDING CORP. expected or should have expected its acts to have consequences within the State of New York.

6. Upon information and belief, that at all times hereinafter mentioned, PV HOLDING CORP. derives substantial revenue from interstate commerce.

7. Upon information and belief that defendant PV HOLDING CORP. was and is a nondomiciliary which transacts business within the State of New York.

8. Upon information and belief that defendant PV HOLDING CORP. was and is a nondomiciliary which committed a tortious act within the State of New York which tortious act resulted in injury to the plaintiff.

9. That at all times hereinafter mentioned the defendant DAVID BURNELL was and is a resident of the State of Maryland.

10. Upon information and belief that defendant DAVID BURNELL was and is a nondomiciliary who used or operated a motor vehicle within the State of New York.

11. Upon information and belief that defendant DAVID BURNELL was and is a nondomiciliary who committed a tortious act within the State of New York which tortious act resulted in injury to the plaintiff.

12. That at all times hereinafter mentioned, the defendant PV HOLDING CORP. owned a certain motor vehicle bearing North Carolina State license plate number SPM3947.

13. That at all times hereinafter mentioned, the defendant PV HOLDING CORP. maintained a certain motor vehicle bearing North Carolina State license plate number SPM3947.

14. That at all times hereinafter mentioned, the defendant PV HOLDING CORP. controlled a certain motor vehicle bearing North Carolina State license plate number SPM3947.

15. That at all times hereinafter mentioned, the defendant DAVID BURNELL operated the motor vehicle bearing North Carolina State license plate number SPM3947 with the knowledge, permission and consent, express or implied, of the defendant PV HOLDING CORP.

16. That at all times hereinafter mentioned, the defendant DAVID BURNELL rented the motor vehicle bearing North Carolina State license plate number SPM3947 with the knowledge, permission and consent, express or implied, of the defendant PV HOLDING CORP.

17. That at all times hereinafter mentioned, the defendant DAVID BURNELL controlled the motor vehicle bearing North Carolina State license plate number SPM3947 with the knowledge, permission and consent, express or implied, of the defendant PV HOLDING CORP.

18. That at all times hereinafter mentioned, the defendant DAVID BURNELL leased the motor vehicle bearing North Carolina State license plate number SPM3947 with the knowledge, permission and consent, express or implied, of the defendant PV HOLDING CORP.

19. That at all times hereinafter mentioned, plaintiff JASON LOWE was operating a motorcycle lawfully upon southbound Interstate 87/eastbound Interstate 287 near milepost marker 13.5, Rockland County, New York.

20. That at all times hereinafter mentioned, plaintiff DAVID BURNELL was operating a motor vehicle upon southbound Interstate 87/eastbound Interstate 287 near milepost marker 13.5, Rockland County, New York.

21. That at all times hereinafter mentioned, Interstate 87/Interstate 287 were and are public thoroughfares in the County of Rockland, State of New York.

22. That on or about August 8, 2004, the vehicle owned by defendant PV HOLDING CORP. and operated by defendant DAVID BURNELL negligently entered the lane in which Plaintiff JASON LOWE was operating his motorcycle on Interstate

        87/Interstate 287 in the County of Rockland, State of New York cutting off the plaintiff and causing the plaintiff to violently strike the roadway.

23. That the defendants were careless, reckless, and negligent in the ownership, leasing, rental, operation, maintenance and control of their motor vehicle under the circumstances then and there existing.

24. That the limitations set forth in CPLR Section 1601 do not apply by reason of one or more of the exceptions of CPLR Section 1602.

25. That as a result of the foregoing, plaintiff JASON LOWE suffered a serious injury as defined in Section 5102(d) of the Insurance Law of the State of New York.

26. That as a result of the foregoing, plaintiff JASON LOWE is entitled to recover for non-economic loss and for economic losses as are not included within the definition of basic economic loss as set forth in Section 5102(a) of the Insurance Law of the State of New York.

27. That as a result of the foregoing, plaintiff JASON LOWE sustained serious, severe and permanent personal injuries and was rendered sick, sore, lame, and disabled; plaintiff JASON LOWE was caused to suffer great pain, discomfort, and disability and, upon information and belief, will continue to suffer pain, discomfort, and disability in the future; plaintiff JASON LOWE was caused to undergo hospital and medical care, aid and attention, and upon information and belief, may continue to require to undergo medical care, aid and attention for a long period of time to come in the future; plaintiff was obliged to expend and incur large sums of monies for medical care, aid and attention and, upon information and belief, will continue to be obliged to expend and incur large sums of monies for future medical care, aid and attention; plaintiff JASON LOWE was caused to become incapacitated from his usual vocation and avocation, and upon information and belief, may continue to be caused to remain away from his usual vocation and avocation for a long period of time to come in the future.

28. That as a result of the foregoing plaintiff has been damaged in the sum of FIVE MILLION ($5,000,000.00) DOLLARS.

AS AND FOR A SECOND CAUSE OF ACTION
ON BEHALF OF PLAINTIFF JASON LOWE

29. Plaintiff JASON LOWE repeats, reiterates and realleges each and every paragraph of the complaint numbered "1" through "28" with the same force and effect as if fully set forth at length herein.

30. That the vehicle bearing New Jersey license plate number 5974S owned by the plaintiff JASON LOWE sustained property damage.

31. That said property damage to plaintiff JASON LOWE'S vehicle was caused by the carelessness, recklessness and negligence of the defendants DAVID BRUNELL and PV HOLDING CORP.

32. That the damage to the vehicle owned by the plaintiff was caused solely by the carelessness, recklessness, and negligence of the defendants without any negligence on the part of the plaintiff contributing thereto.

33. That as a result thereof plaintiff has sustained property damage to the vehicle and loss of use, all in the sum of FIFTEEN THOUSAND ($15,000.00) DOLLARS.

WHEREFORE, plaintiff demands judgment against the defendants on the first cause of action and the second cause of action, together with the costs and disbursements of this action.

Dated: New York, New York
December 7, 2004

_____
ROY F. SCAFFIDI, ESQ. (RS5708)
Attorney for Plaintiff
150 East 52nd Street, Suite 20 West
New York, NY 10022
(212) 935-9500

## AFFIDAVIT OF SERVICE

State of New York            }
County of New York          }   ss.:

  Carol Santana, being duly sworn, deposes and says: That deponent is not a party to the action, is 18 years of age or over and resides in the Bronx, NY. That on the 7th day of December, 2004 deponent served the within Amended Complaint upon:

Reardon & Sclafani
Attorneys for Defendants
220 White Plains Rd., Suite 235
Tarrytown, NY  10591
(914) 366-0201

### Service by Mail

[X] by depositing the paper enclosed in a first class postpaid wrapper, addressed to the attorney at the address designated for that purpose or, if none is designated, at that attorneys last known address, in a post office or official depository under the exclusive care and custody of the United States Post Office within the state.

### Service by Electronic Means

[X] by transmitting the paper to the attorney by electronic means, a telephone number or other station, or other limitation, if any, having been designated by the attorney for that purpose. Having received a signal from the equipment of the attorney served indicating that the transmission was received, by then depositing the paper, enclosed in a first class postpaid wrapper, addressed to the attorney at the address designated for that purpose or, if none is designated, at that attorney's last known address, in a post office or official depository under the exclusive care and custody of the United States Post Office within the state.

_____
Carol Santana

Sworn to me this 7th day of December, 2004

_____
Notary Public